CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 58. I would affirm the judgment of the circuit court. I therefore concur in part and dissent in part from the opinion of the majority. I submit this separate opinion to set forth my dissenting view on the application of the law to the facts of this case.
 

 ¶ 59. I dissent from the majority's finding that the circuit court committed reversible error in granting USAA's motion for partial summary judgment and in dismissing the Minors' claim for punitive and extracontractual damages before trial. I respectfully submit that the record reflects no error in the circuit court's grant of summary judgment in favor of USAA or in its finding that the facts showed that USAA possessed an arguable, or reasonable, basis for its claims decisions. The record reflects that the circuit court concluded that as a matter of law, USAA acted with an arguable basis and without
 malice, reckless disregard, or gross negligence.
 
 [2]
 

 ¶ 60. Applicable law reflects that "an arguable reason for the denial of an insured's claim ... has been defined as 'one in support of which there is some credible evidence.' "
 
 Tipton v. Nationwide Mut. Fire Ins.
 
 ,
 
 381 F.Supp.2d 572
 
 , 579 (S.D. Miss. 2004). Arguable reason still exists even if there is "evidence to the contrary."
 
 Hood v. Sears Roebuck & Co.
 
 ,
 
 532 F.Supp.2d 795
 
 , 803 (S.D. Miss. 2005). Jurisprudence also reflects that just because a jury disagrees with the insurance company's decision regarding coverage does not mean that the company did not have an arguable basis.
 
 United Servs. Auto. Ass'n (USSA) v. Lisanby
 
 ,
 
 47 So.3d 1172
 
 , 1179 (¶ 24) (Miss. 2010).
 
 [3]
 
 Under the applicable law, the plaintiff bears a heavy burden and must establish that the insurance company committed more than mere negligence in performing the investigation.
 

 Id.
 

 at 1178
 
 (¶ 18).
 
 [4]
 

 ¶ 61. In
 
 United American Insurance v. Merrill
 
 , the supreme court cited
 
 Windmon v. Marshall
 
 ,
 
 926 So.2d 867
 
 , 872 (Miss. 2006), and
 
 Murphree v. Federal Insurance
 
 ,
 
 707 So.2d 523
 
 , 529 (Miss. 1997), which set forth established jurisprudence that "if there is a finding that there was a reasonable arguable basis to deny the claim then the appellant is not entitled to have the jury consider any bad faith award against the insurance company."
 
 United Am. Ins. v. Merrill
 
 ,
 
 978 So. 2d 613
 
 , 634 (¶ 105) (Miss. 2007). Further, "the plaintiff has a heavy burden to demonstrate to the circuit court that there was no reasonably arguable basis for the insurance carrier to deny the claim."
 
 Blue Cross & Blue Shield of Miss., Inc. v. Campbell
 
 ,
 
 466 So.2d 833
 
 , 844 (Miss. 1984). In the case before us, the record reflects credible evidence that USAA possessed an arguable or reasonable basis for the adjustment and payment of the Minors' insurance claims. Therefore, in accordance with applicable law, no genuine dispute of material fact exists showing that the Minors are not entitled to have the jury consider any bad faith, extracontractual damages, or punitive damages.
 

 ¶ 62. After examining the applicable law and the evidence in the record, I submit that both the law and the record sustain the circuit court's findings in support of its decision granting summary judgment.
 
 [5]
 
 A claim for extracontractual damages requires that the insured prove the insurance company acted in bad faith and lacked an arguable basis when it made its determination regarding the insured's claim.
 
 Lisanby
 
 ,
 
 47 So.3d at 1178
 
 (¶ 18). A successful claim for punitive damages requires the insured to prove more than the lack of an arguable basis since the insured must also prove that "the insurance company acted with malice or gross and reckless disregard for the rights of the insured."
 

 U.S. Fid. & Guar. Co. of Miss. v. Martin
 
 ,
 
 998 So.2d 956
 
 , 970 (¶ 48) (Miss. 2008). "[W]here there is a legitimate or arguable basis in the delay or denial of payments, there is no valid claim for punitive damages."
 
 Miss. Power & Light Co. v. Cook
 
 ,
 
 832 So.2d 474
 
 , 479 (¶ 8) (Miss. 2002).
 
 [6]
 

 ¶ 63. On appeal in seeking reversal of the summary judgment granted below, the Minors assert the two following arguments as support for their claim for punitive and extracontractual damages: (1) that USAA lacked an arguable basis for its conclusion that a storm surge caused or contributed to the destruction of the Minors' residence and (2) that USAA lacked an arguable basis for its decision to not immediately pay the Minors their personal-property limits. I will separately address the record support for the circuit court's findings and grant of summary judgment for the dwelling/other structures claim and the personal-property claim.
 

 ¶ 64. Regarding the Minors' dwelling/other structures claim, the record herein supports the circuit court's determination that USAA possessed an arguable basis when determining a storm surge caused some of the damage, as evidenced by USAA's reliance on independent engineer reports, adjustment inspections, photographs, and adjustment decisions.
 
 [7]
 
 The record is undisputed that Hurricane Katrina hit on August 29, 2005, and that the Minors reported their loss to USAA on January 16, 2006. The record shows that USAA immediately assigned adjusters to inspect the property and, within a week of the Minors' claim, USAA hired PT&C, an independent professional engineering firm, to inspect and offer a professional opinion as to causation, i.e., wind versus flood/storm surge, to determine if direct physical loss by wind contributed to the damage to the residence. USAA sought clarification from PT&C regarding damage to the window systems, and PT&C submitted the engineering report to USAA on March 2, 2006.
 

 ¶ 65. On March 20, 2006, USAA asked the Minors for a floor plan of the residence but failed to receive the information from the Minors for over seven months. Despite lacking the floor plan, the record reflects that USAA adjusted the loss by relying on the engineer's report, adjuster information, and photographs. The record also reflects that on June 18, 2006, USAA advised the Minors that the majority of the damage to their home was the result of flooding and that an estimate of the wind damage was created based upon information then available. The replacement cost for the covered damage to the main dwelling, the guest house, and the carport was $55,805.86, and USAA paid the actual cash value of $35,245.86.
 

 ¶ 66. The record further reflects that USAA informed the Minors by letter dated June 18, 2006, that the dwelling/other structures claim was being held open because USAA had not yet received the requested floor plan, pre-loss photos, and personal-property list. According to the record, on October 24, 2006, and on December 5, 2006, Paul Minor provided the floor plan for the house and a few photos of the exterior of the home and explained that the remainder of the photos were lost in the hurricane.
 

 ¶ 67. In response to information provided by Paul, USAA then tracked down prior
 evaluations from 1994 and 2000. Despite still lacking some requested details, USAA then used this new information to estimate the wind damage more accurately. On March 29, 2007, USAA made a supplemental actual-cash-value payment to the Minors of $194,322.85. The record reflects that the Minors were advised that the amount of $66,387.77 was still available in recoverable depreciation that they could obtain for the covered damage upon completion of the repairs, in accordance with the terms of the Minors' replacement-cost policy.
 

 ¶ 68. The record shows that Minors received total payments of $229,568.71 for the wind damage to their insured structures. The Minors failed to provide any information to USAA disputing the PT&C engineer report until the Minors presented their expert reports as part of this lawsuit. Clearly, the record supports the circuit court's finding of an arguable basis in support of USAA's payment and adjustment decisions regarding the Minors' dwelling/other structures claims given the evidence of USAA's reliance on the report of an independent engineer, claims-adjuster inspections, photographs, and information provided by the insured.
 

 ¶ 69. With respect to the adjustment of the Minors' personal-property claim, the record also supports the circuit court's determination that USAA's decisions similarly possessed an arguable basis. In adjusting the Minors' personal-property claim, the record reflects that USAA relied on PT&C's engineer report, information from the adjuster, information from the Minors, and photographs to determine which rooms could have had contents damaged by wind prior to the storm surge of Hurricane Katrina. Moreover, the record reflects that USAA repeatedly requested a list of the Minors' damaged personal property and that for three years, the Minors failed to provide any information about their personal property. Moreover, the list eventually provided by the Minors failed to contain the amount of detail required under the policy or in the discovery request; specifically, the list provided no quantity, description, actual cash value, and amount of the loss. The Minors also failed to provide any bills, receipts, and related documents to justify the figures in the inventory. USAA even resorted to filing a motion to compel for the depositions of the Minors' children, both of whom possessed knowledge of the house and its contents prior to the hurricane.
 

 ¶ 70. Despite the lack of required detail, the record shows that USAA adjusted the Minors' personal-property claim relying on information about the damage to the structure when determining which damaged contents were covered. Using the independent engineer and the adjuster reports, USAA adjusted the Minors' personal-property claim, paying for certain items in rooms that had wind-related damage, and the adjuster researched the value of the damaged items. As acknowledged by the majority opinion, the record reflects without dispute that the Minors possessed a replacement-cost insurance policy that excluded damage caused by water/flood or storm surge. The record is also not in dispute that the Minors possessed no flood insurance. The record shows that since the contents had not been replaced, USAA provided the policy-mandated actual-cash-value payment.
 

 ¶ 71. Based upon the foregoing, the undisputed record reflects no unreasonable delay by USAA in the payment of and adjustment of the Minors' personal-property claim. In support of the circuit court's grant of summary judgment and findings, the record also shows without dispute that USAA possessed an arguable basis for its payment and adjustment decisions in its
 reliance upon the independent engineer reports, photographs, adjuster information, and information from the Minors, including the delinquently provided contents list that lacked the required detail.
 
 [8]
 
 I therefore would affirm the judgment of the circuit court.
 

 WILSON, J., JOINS THIS OPINION.
 

 Any party to a civil action may move for summary judgment upon a claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.
 
 See
 
 M.R.C.P. 56(c).
 

 See also
 

 Sobley v. S. Nat. Gas Co.
 
 ,
 
 302 F.3d 325
 
 , 330 (5th Cir. 2002).
 

 See also
 

 Essinger v. Liberty Mut. Fire Ins.
 
 ,
 
 529 F.3d 264
 
 , 271 (5th Cir. 2008).
 

 See
 

 Lisanby
 
 ,
 
 47 So.3d at 1185-86
 
 (¶ 56) (reversing a jury verdict for extracontractual damages after finding that USAA's reliance on a report from an engineer, information from an adjuster, and information from the insured provided USAA with an arguable basis for its determination that only a portion of the insured's damage was caused by wind);
 
 Anglado v. Leaf River Forest Prod., Inc
 
 .,
 
 716 So.2d 543
 
 , 547 (¶ 13) (Miss. 1998) (a de novo standard of review is applied to the appeal of a circuit court's grant of summary judgment).
 

 See generally
 
 D. Jason Childress,
 
 Mississippi Insurance Law and Practice
 
 § 13:14 (2016).
 

 See also
 

 Hoover v. United Servs. Auto. Ass'n
 
 ,
 
 125 So.3d 636
 
 , 643 (¶ 21) (Miss. 2013) (concluding that USAA possessed an arguable basis for denying a portion of the Hoovers' damages wherein USAA relied on the investigation of its adjusters and the reports of an engineering firm in denying aspects of the claim deemed excluded).
 

 See
 

 Lisanby
 
 ,
 
 47 So.3d at 1185-86
 
 (¶ 56) (reversing a jury verdict for extracontractual damages after finding that USAA's reliance on a report from an engineer, information from an adjuster, and information from the insured provided USAA with an arguable basis for its determination that only a portion of the insured's damage was caused by wind).